NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number: 13644
RACHEL KENT
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:20-cr-00175-RFB-VCF-1 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| CHRISTOPHER HAWK ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Jennifer Simone</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition, and I concur in the recommended action requested of the court.

Dated this 9th day of December, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

By   /S/
        JENNIFER OXLEY
        Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. CHRISTOPHER HAWK                         Docket No: 2:20-cr-00175-RFB-VCF-1

Petition for Action on Conditions of Pretrial Release

      COMES NOW JENNIFER SIMONE, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant CHRISTOPHER HAWK. The defendant initially appeared on July 31, 2020, before U.S. Magistrate Judge Cam Ferenbach and was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall abide by the following restrictions on personal association, place of abode, or travel: Travel is restricted to Clark County, NV unless preapproved by Pretrial Services.
3. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
4. The defendant shall discontinue employment with Door Dash and not obtain employment that is not stationary.
5. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
6. The defendant shall not be employed in, or be present in, any setting directly involving minor children.
7. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution.
8. The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
9. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
10. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
11. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
12. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
13. The defendant shall participate in the following location monitoring program component and abide by its requirements as Pretrial Services or the supervising officer instructs.
        Home Detention: The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered

   obligations; or other activities preapproved by Pretrial Services or the supervising officer.
14. The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology: Global Positioning Satellite (GPS) monitoring.
15. The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
16. The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
17. The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.
18. The defendant shall refrain from possession of pornography or erotica in any form or medium.
19. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
20. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

On December 1, 2020, the defendant's bond was modified, adding the following conditions:

1. The defendant's location monitoring conditions are replaced as follows:  Curfew - The defendant is restricted to his residence every day from a time schedule deemed appropriate by Pretrial Services or the supervising officer.  The defendant shall continue on GPS monitoring for a period of 45 days, whereafter Pretrial Services may convert the defendant to Radio Frequency (RF) monitoring at their discretion based upon the defendant's compliance with release conditions.
2. The defendant is permitted to use a computer/mobile device with prior approval of Pretrial Services, and will agree to submit his approved computer/mobile device to computer monitoring as a reasonable means to assure the defendant's appearance and/or safety of the community pursuant to 18 U.S.C. § 3142.
3. The defendant must allow Pretrial Services or the supervising officer to install computer monitoring software on any computer and/or internet capable device (as defined in 18 U.S.C. § 1030(e)(1)) he/she uses.
4. To ensure compliance with the computer monitoring condition, the defendant must allow the Pretrial Services Officer or supervising officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.
5. The defendant shall pay all or part of the cost of the internet monitoring software upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

Respectfully presenting petition for action of Court and for cause as follows:

1. On December 8, 2020, our office spoke to the defendant, who acknowledged he was under the influence of alcohol and in crisis.
2. On December 9, 2020, our office contacted the defendant's counselor who recommended the defendant refrain from alcohol use based on the mental health event that occurred while the defendant was intoxicated.
3. On December 9, 2020, the defendant's roommate contacted our office and reported the defendant was under the influence of alcohol on multiple occasions since his release, to the point of intoxication.
4. On December 9, 2020, the defendant's roommate contacted our office and reported she would no longer allow the defendant to reside with her.  Our office contacted the defendant and, at this time, he does not have anywhere he can reside.

**PRAYING THAT THE COURT WILL ORDER THAT THE FOLLOWING CONDITIONS BE ADDED TO THE DEFENDANT'S BOND:**

1) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
2) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
3) The defendant shall refrain from any use of alcohol.
4) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
5) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
6) The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
7) The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. Executed on this 9th day of December, 2020. |
|---|---|
| Considered and ordered this 9th day of December, 2020 and ordered filed and made a part of the records in the above case. | Respectfully Submitted, |

_____
Honorable Richard F. Boulware, II
U.S. District Judge

_____
Jennifer Simone *SPB*
Senior U.S. Pretrial Services Officer
Place: Las Vegas, Nevada